## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## FORT MYERS DIVISION

ANNETTE NAQUI, an individual,        Civ.

        Plaintiff,        :

v.        :        **COMPLAINT**

MILLENNIUM HOME CARE, LLC        :

        Defendant.        :

_____

## COMPLAINT FOR DAMAGES & INJUNCTIVE RELIEF
## & DEMAND FOR JURY TRIAL

ANNETTE NAQUI ("Plaintiff", "NAQUI"), by and through her attorneys, sues MILLENNIUM HOME CARE, LLC, alleges and states as follows:

### PRELIMINARY STATEMENT

1. This action is brought on behalf of the Plaintiff regarding disability discrimination under the Americans with Disabilities Act of 1990 ("ADA"), 42 U.S.C.A. §§ 12101 et seq.

### JURISDICTION

2. Jurisdiction lies in this court pursuant to 28 U.S.C.A. § 1343(a)(3), 28 U.S.C.A. § 1343(a)(4) and 28 U.S.C.A. § 1331 and supplemental subject-matter jurisdiction under 28 U.S.C.A. § 1367.

### VENUE

3. Venue is proper in this district because the Defendant is located in this district and Plaintiff is a resident of this district and the acts complained of in this Complaint arose within this judicial district.

4. Defendant operates business in this district, and there is no other district that has a substantial connection to the claim.

## CONDITIONS PRECEDENT

5. In or around March 22, 2021, Plaintiff timely filed a charge of Discrimination against Defendant with the Equal Employment Opportunity Commission (EEOC).

6. On or about September 20, 2022, the EEOC issued Plaintiff a Notice of Right to Sue. This Complaint has been filed within 90 days of receipt of that notice. Plaintiff has fully complied with all prerequisites to jurisdiction in this Court.

7. All conditions precedent to the filing of this suit have been performed or have occurred.

## PARTIES

8. Plaintiff is a woman who is domiciled in Cape Coral, Florida. Plaintiff is a citizen of the United States of America.

9. Plaintiff was employed by Defendant primarily working in *Fort Myers, Florida* and surrounding area at the time her cause of action accrued.

10. Upon information and belief, Defendant is a home health care provider providing services throughout the State of Florida.

11. Defendant is a person within the meaning of 42 U.S.C.A. § 2000e(a), and an employer within the meaning of 42 U.S.C.A. § 2000e(b).

## FACTS

12. On or around May 21, 2018, Plaintiff began working for Defendant as an Occupational Therapist.

13. Plaintiff's job duties included providing occupational therapy services within patient's homes.

14. Plaintiff suffers from Crohn's disease which is a disability that requires her to be on medication that weakens her immune system. Her employer was made aware of this shortly after the date of her hire.

15. In or around June 2020, Plaintiff was asked to see a patient with the COVID-19 virus.

16. Plaintiff informed her managers, that due to Plaintiff's disability, she needed a reasonable accommodation not to work with COVID-19 positive patients because she could not be exposed to COVID-19 for possible risk of severe illness if she contracted it.

17. Initially, the reasonable accommodation was granted.

18. However, shortly thereafter, Plaintiff was again assigned to another COVID-19 positive patient.

19. Plaintiff again requested reasonable accommodations due to her disability. Specifically, she stated that she should avoid contact with any of the few COVID-19 positive patients, as there were plenty of other patients that were not COVID-19 positive.

20. Plaintiff was still clearly able to perform the essential functions of her job with or without the reasonable accommodation.

21. However, this time, Defendant failed to engage in an interactive process with Plaintiff to discuss potential means by which Defendant might reasonably accommodate Plaintiff's disability throughout the time period described above by, among other failures and/or omissions, failing to directly notify Plaintiff that she could perform her work.

22. Plaintiff was instead, Plaintiff was placed on a conference call with her managers and was told that if she is not able to see COVID-19 patients that she will be forced to resign from her position.

23. In August of 2020, Plaintiff received a letter from the HR Manager, Tracy Music. The

outline of the letter provided Plaintiff with three (3) options: (1) to stay on PRN, "as needed" basis; (2) take a leave of absence without pay; or (3) continue to see all patients, including those who tested positive for COVID-19.

24. At this point, Plaintiff felt she had no choice but to accept the option to stay on PRN, "as needed" basis with Defendant. This became official on August 17, 2020.

25. Plaintiff's number of work hours were substantially reduced.

26. Plaintiff was placed on a PRN, "per diem", "call if needed" basis and Defendant immediately began to remove patients from Plaintiff's schedule and reassign them to other therapists who did not, appear to suffer from a disability.

27. Plaintiff also lost her employment benefits.

28. Defendant immediately hired a non-disabled therapist to replace Plaintiff full-time.

29. Defendant constructively discharged Plaintiff by substantially reducing Plaintiff's hours, assigning Plaintiff's work to other employees, treating Plaintiff in a disrespectful manner, and taking Plaintiff off the work schedule following Plaintiff's request for reasonable accommodations because of Plaintiff's disability.

## COUNT I — VIOLATION OF AMERICANS WITH DISABILITIES ACT; FAILURE TO ACCOMMODATE UNDER 42 U.S.C.A. § 12112(B)(5)(A)

30. Plaintiff repeats each of the above paragraphs as if fully alleged here.

31. Defendant has discriminated against Plaintiff, on account of and/or by reason of her disability, in violation of 42 U.S.C.A. §§ 12101 et seq., because during all relevant times:

    a. Plaintiff was disabled under the statute;

    b. Plaintiff was qualified to perform the essential functions of one or more positions with or without an accommodation which were available prior to her discharge from employment by Defendant; and

    c. Plaintiff suffered an adverse employment action because of her disability when Defendant failed to engage in collaborate discussions with Plaintiff related to reasonable accommodations and constructively terminated Plaintiff.

WHEREFORE, Plaintiff requests that this court grant the following relief:

i. Enjoin Defendant from failing or refusing to:

    a. Provide sufficient remedial relief to make Plaintiff whole for the loss she has suffered as a result of the discrimination against her as alleged in this Complaint;

    b. Adopt a clear, meaningful, and well-publicized written policy prohibiting disability discrimination against any of Defendant's employees, which includes provisions describing responsibilities of all supervisors to report and respond to complaints of disability discrimination and which establishes an effective mechanism for receiving and responding to complaints of disability discrimination;

    c. Modify its existing disability discrimination policy to include clear, meaningful and well-publicized provisions describing the responsibilities of all supervisors to report and respond to complaints of disability discrimination, and to establish an effective mechanism for receiving and responding to complaints of disability discrimination; and

    d. Provide adequate training to all of Defendant's employees, and to all of Defendant's management officials responsible for making determinations regarding complaints of disability discrimination, with regard to workplace disability discrimination prohibited by the ADA.

    e. Take other appropriate nondiscriminatory measures to overcome the effects of the discrimination.

ii. Award compensatory damages to Plaintiff for mental and/or physical injuries incurred as

a result of the discrimination against her as alleged in this Complaint, pursuant to and within the statutory limitations of Section 102 of the Civil Rights Act of 1991, 42 U.S.C.A. § 1981a and/or the ADA.

iii. Award punitive damages if permitted by this Court;

iv. Award Plaintiff attorney's fees and costs; and

v. Award Plaintiff such additional relief as justice may require.

## COUNT II—VIOLATION OF AMERICANS WITH DISABILITIES ACT; DISPARATE TREATMENT

32. Plaintiff repeats paragraphs 1-29, as if fully alleged here.

33. Defendant has discriminated against Plaintiff, a disabled person, on account of and/or by reason of her disability, in violation of 42 U.S.C.A. §§ 12101 et seq., because during all relevant times:

    a. Plaintiff was disabled under the statute;

    b. Plaintiff was qualified to perform the essential functions of one or more positions with or without an accommodation that became open prior to her discharge from employment by Defendant; and

    c. Plaintiff suffered an adverse employment action because of her disability when Defendant treated nondisabled individuals more preferentially by assigning them Plaintiff's work, which served to discriminate against Plaintiff.

WHEREFORE, Plaintiff requests that this court grant the following relief:

i. Enjoin Defendant from failing or refusing to:

    a. Provide sufficient remedial relief to make Plaintiff whole for the loss she has suffered as a result of the discrimination against her as alleged in this Complaint;

    b. Adopt a clear, meaningful, and well-publicized written policy prohibiting disability

      discrimination against any of Defendant's employees, which includes provisions describing responsibilities of all supervisors to report and respond to complaints of disability discrimination and which establishes an effective mechanism for receiving and responding to complaints of disability discrimination;

    c. Modify its existing disability discrimination policy to include clear, meaningful and well-publicized provisions describing the responsibilities of all supervisors to report and respond to complaints of disability discrimination, and to establish an effective mechanism for receiving and responding to complaints of disability discrimination; and

    d. Provide adequate training to all of Defendant's employees, and to all of Defendant's management officials responsible for making determinations regarding complaints of disability discrimination, with regard to workplace disability discrimination prohibited by the ADA.

    e. Take other appropriate nondiscriminatory measures to overcome the effects of the discrimination.

ii. Award compensatory damages to Plaintiff for mental and/or physical injuries incurred as a result of the discrimination against her as alleged in this Complaint, pursuant to and within the statutory limitations of Section 102 of the Civil Rights Act of 1991, 42 U.S.C.A. § 1981a and/or the ADA.

iii. Award punitive damages if permitted by this Court;

iv. Award Plaintiff attorney's fees and costs; and

v. Award Plaintiff such additional relief as justice may require.

**DEMAND FOR JURY TRIAL**

Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Plaintiff demands trial by jury in this action of all issues so triable.

Dated this 19th day of December 2022.

> LIGHT PATH LAW, PA
> *Counsel for Plaintiff*
> 2740 Oak Ridge Court, #303
> Fort Myers, FL 33901
> Ph: 239-689-8481
> Fax: 239-294-3930
> kscott@lightpathlaw.com (Primary)
> jjordan@lightpathlaw.com (Secondary)
> jlooper@lightpathlaw.com (Secondary)
>
> By: ____/s/ Kristie Scott_____
> Kristie A Scott, Esquire
> Florida Bar No.: 108111